Richard P. Becker and Margaret P. Becker, Appellants *v.* Redevelopment Authority of Luzerne County, Pa., Appellee.

Argued December 18, 1981, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*Richard P. Becker* and *Margaret P. Becker,* appellants, for themselves.

*Malcolm M. Limongelli,* for appellee.

PER CURIAM, April 26, 1982:

This appeal involves the condemnation of a two-story frame building held by the appellants, Richard P. and Margaret P. Becker, for investment purposes, all four of its apartments being leased to third party tenants at the time of condemnation.

At a trial on an appeal from the award of a board of viewers in the Court of Common Pleas of Luzerne County on January 27, 1976, a jury entered a verdict for the appellants in the amount of $25,500.00 general damages to compensate them for the fair market value of their property which was condemned. The parties stipulated at this trial that the question of whether or not the appellants were entitled to dislocation damages under Section 601-A(b)(3) of the Eminent Domain Code[1] was to be left to the trial judge, and he decided to award an additional $6,500.00 to the appellants. On February 2, 1976, the appellee Redevelopment Authority of Luzerne County (Authority), requested that the court below grant it a new trial in order to challenge only[2] the award of $6,500.00 to the appellants for dislocation damages, arguing that the court erred as a matter of law. This motion was granted in an order docketed on February 2, 1976, and the Authority subsequently lodged it with the prothonotary of the court below on March 23, 1978[3] in order to set a date for trial.

The court below, believing that the granting of a new trial would serve no purpose other than to further

---

[1] (Code) Act of June 22, 1964, Special Sess., P.L. 84, added by Section 8 of the Act of December 29, 1971, P.L. 640, 26 P.S. §1-601A (b)(3).

[2] Neither party challenged the general verdict of $25,500.00.

[3] The appellants bring this appeal pro se. During the period between the filing of the order granting the Authority's motion for a new trial and the lodging of the order with the prothonotary to set a trial date, the appellants had counsel. The record and docket reveal that the appellants discharged their first counsel and that their second counsel withdrew on May 4, 1978, claiming in his petition for withdrawal that the appellants were deceptive with him, caused (without contacting him) a writ of execution to be issued on February 23, 1978, against the Authority for the $6,500.00 dislocation damages (the writ was subsequently dissolved by the lower court on April 20, 1978), accused him of improperly handling the case, threatened him, verbally abused him, and refused to communicate with him regarding the case.

delay this already protracted proceeding, rendered a decision[4] on December 19, 1980, allowing the general damages but setting aside the trial judge's dislocation damage award of $6,500.00 to the appellants on the basis of our Supreme Court's decision in *Redevelopment Authority of Allegheny County v. Stepanik,* 479 Pa. 199, 387 A.2d 1292 (1978).

From what we are able to glean from the appellants' brief, they argue here that the court below committed an error of law in denying them dislocation damages, that the Authority failed to timely file its motion for a new trial, that the court below, therefore, entertained an "invalid appeal" or abused its discretion in allowing the new trial, and that the record file of this case was tampered with.

Concerning the appellants' first contention, our Supreme Court in *Stepanik,* has stated that the legislature did not intend that a condemnee who owned, but did not occupy, a residential apartment building and who rented that apartment to others for living space, should receive special dislocation damages under Section 601-A(b)(3) of the Code which permits benefits

---

[4] The lower court felt that holding a new trial would cause unnecessary delay in the conclusion of this case "inasmuch as the general verdict of $25,500.00 [was] unchallenged and inasmuch as the award of the additional $6,500.00 cannot be sustained under existing law irrespective of the nature of any evidence in reference to . . . dislocation damages which might be adduced at another future trial."

The court, relying on Pa. R.C.P. No. 126, which provides for the liberal construction of the rules so as to "secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable . . . [and allows that] [t]he court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties," stated that it would "therefore . . . treat [the Authority's] post trial motion as a motion for a judgment notwithstanding the trial judge's special verdict of $6,500.00 as damages for business dislocation."

to "displaced persons." The rationale for this rule is to prevent double recovery, inasmuch as the owner-condemnee would have "already received compensation for rental income through the award of general damages," for general damages are based on the fair market value of the premises which itself reflects the present value of anticipated future rental income. *Id.* at 203, 387 A.2d at 1294.

Here, it is undisputed that the appellants were not occupants of the premises and consequently, under *Stepanik,* it is clear that they are not displaced persons eligible for damages under Section 601-A(b)(3) of the Code. We believe, therefore, that the court below correctly found them ineligible for such damages.

The contention of these appellants that the Authority was not timely in its motion for a new trial is without merit. The record discloses that on February 2, 1976, which was within ten days after the date of the original verdict, the Authority requested and the court below granted[5] and filed their motion for a new trial.

Regarding the final contention of the appellants, their self-serving allegations in their petition and brief as to alleged illegal tampering with the record file, are, without more, insufficient for us to conclude that tampering actually occurred.

Finding no error of law or abuse of discretion,[6] we will therefore affirm the order of the court below.

---

[5] The granting or refusing of a motion for a new trial will not be disturbed on appeal in absence of a manifest abuse of discretion or clear error of law. *Graff Bros. Scrap Iron and Metal Works Appeal,* 44 Pa. Commonwealth Ct. 429, 404 A.2d 722 (1979). We believe that the court below did not abuse its discretion in originally deciding to grant the new trial in order to rectify its prior error of granting dislocation damages.

[6] Our scope of review in a condemnation case is, of course, whether or not the court below committed an error of law or abused its discretion. *Spory Appeal,* 54 Pa. Commonwealth Ct. 17, 419 A.2d 804 (1980).

### Per Curiam Order

And Now, this 26th day of April, 1982, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby affirmed.

This decision was reached prior to the resignation of Judge Mencer.

Judge Palladino did not participate in the decision in this case.